UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

NLP LOGIX, LLC, a Florida limited
liability company,

        Plaintiff,

v.                                CASE NO.:

DATA DIMENSIONS LLC, a Delaware
limited liability company,

        Defendant.
_____/

## COMPLAINT

Plaintiff, NLP Logix, LLC ("NLP Logix") sues Defendant, Data Dimensions LLC ("Defendant"), and alleges as follows:

### PARTIES, JURISDICTION, AND VENUE

1. NLP Logix is a Florida limited liability company with its principal place of business in Jacksonville, Florida.

2. NLP Logix's members are: (a) Theodore Willich; (b) Matthew Berseth; (c) Robert Marsh; (d) Michael Hillyard, and (e) Belmore Capital, LLC ("Belmore"). Mr. Willich, Mr. Berseth, Mr. Marsh, and Mr. Hillyard are all citizens of the State of Florida. Belmore is a Florida limited liability company with its principal place of business in Jacksonville, Florida. Belmore's sole member is Sharon R. McArthur. Ms. McArthur resides in and is a citizen of the state of Florida.

3. Defendant, Data Dimensions, is a Delaware limited liability company with its principal place of business in Janesville, Wisconsin.

4. The sole member of Defendant is Data Dimensions Holding Corp., a Delaware corporation with its principal place of business in Janesville, Wisconsin.

5. No member of Defendant is a citizen of or domiciled in the State of Florida. None of the members of either NLP Logix or Defendant Data Dimensions have any citizenship in a common state. As such complete diversity of citizenship exists.

6. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332, as there is complete diversity of citizenship between the members of NLP Logix and the members of Defendant, and the aggregate amount in controversy exceeds $75,000, exclusive of interest and costs.

7. This Court has personal jurisdiction over Defendant in that, among other things, Defendant conducts substantial and not isolated business activities in the State of Florida, Defendant entered into contracts with NLP Logix, a Florida company, and Defendant breached two or more contracts by failing to make payments due thereunder in the State of Florida. As such long arm jurisdiction exists under section 48.193, Florida Statutes. Moreover, Defendant has sufficient minimum contacts with the state of Florida both specific to the claims in this suit and in general that due process is satisfied for the exercise of personal jurisdiction.

8. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because a substantial part of the events giving rise to the claims at issue occurred in this District.

9. All conditions precedent to the maintenance of the causes of action alleged herein have been complied with, have occurred either in fact or by operation of law, or have been waived.

## FACTUAL ALLEGATIONS

A.  **The Department of Veterans Affairs Agreement**

10.  On February 13, 2018, Defendant and NLP Logix entered into an agreement entitled Artificial Intelligence Development Initiative, Department of Veterans Affairs agreement (the "VA Agreement").

11.  Pursuant to the VA Agreement, NLP Logix agreed to develop, configure, and deliver its software, algorithms, and other artificial intelligence processes to Defendant for Defendant to implement into its automated systems for processing documents for the Department of Veterans Affairs.

12.  Among other things, the VA Agreement provided that Defendant will pay NLP Logix a monthly subscription fee. The amount of the monthly subscription fee was based upon the number of pages NLP Logix's application processed per month and included a monthly per page minimum. Specifically, the VA Agreement provided that Defendant would pay NLP Logix $0.001 per page processed with a 10,000,000 page monthly minimum.

13.  NLP Logix complied with all of its obligations under the VA Agreement. A duplicate of the VA Agreement is attached as Exhibit A.

B.  **The OCR Agreement**

14.  On March 9, 2018, Defendant entered into a separate Medical Claims OCR Processing Agreement with NLP Logix (the "OCR Agreement"). OCR (optical character recognition) refers to the computer driven automated process by which the data on a form can be read and retrieved for other needs.

15. Pursuant to the OCR Agreement, NLP Logix agreed to allow Defendant to implement NLP Logix's product "formLogix" to replace Defendant's then-existing OCR process for medical claim forms.

16. In the OCR Agreement, Defendant agreed to pay NLP Logix a monthly subscription fee of $0.15 per claim for domestic claims based upon the number of individual claims run through formLogix, with a 200,000 claim monthly minimum.

17. Defendant further agreed to a price escalator for the program's good performance for processing domestic State Farm Insurance Company and SunLife Dental claims. Pursuant to this escalator if NLP Logix correctly marked 25% of certain data fields as reaching a "high confidence," verifiable by audit (at or above 99% accuracy), Defendant agreed that the transaction rate would increase to $0.175 per claim, and if NLP Logix could get 50% or more fields to the "high confidence" standard the transaction rate would increase to $0.20 per claim.

18. The OCR Agreement also provided that Defendant would pay NLP Logix a separate monthly subscription fee of $0.06 per claim based run through formLogix that were verified by off-shore (non-United States) personnel with a 200,000 claim monthly minimum. Defendant also agreed to a price escalator for the good performance of processing off-shore claims from Gallagher Bassett and Allstate Insurance Company. Specifically, Defendant agreed that if 50% or more of fields were correctly marked as high confidence, the transaction rate increased to $0.08 per claim.

19. NLP Logix complied with all of its obligations under the OCR Agreement. A duplicate of the OCR Agreement is attached as Exhibit B.

  **C.**  **Defendants Breaches and NLP Logix's Termination of the Agreements**

  20.  Defendant has breached the VA Agreement and the OCR Agreement by failing to pay the monthly subscription invoices due to NLP Logix under the VA Agreement, including minimum fees which were due to be paid between October 31, 2018 and September 30, 2020.

  21.  Defendant has also breached the OCR Agreement by failing to pay the amounts due to NLP Logix under the OCR Agreement, including the performance escalator for 25% or more fields correctly marked as highly confident from October 31, 2018 to September 30, 2020, as well as offshore minimum fees between April 1, 2019 and September 30, 2020. Pursuant to the VA Agreement, NLP Logix is entitled to a late fee of 10% per page if payment is not received within forty (40) days from receipt of the invoice. Pursuant to the OCR Agreement, NLP Logix is entitled to a late fee of a 10% increase per claim if payment is not received within forty (40) days from receipt of the invoice.

  22.  On October 8, 2020, NLP Logix sent Defendant a letter providing 60 days' notice of termination of the VA Agreement and OCR Agreement (collectively, the "Agreements") in accordance with the provisions of the Agreements.

  23.  In this same letter, NLP Logix provided Defendant an invoice for all amounts due under the Agreements, and requested payment of the invoice.

  24.  As of December 31, 2020, Defendant owes NLP Logix at least $319,661.91 pursuant to the VA Agreement and the OC Agreement, but Defendant has failed and refused to pay the sums due to NLP Logix under the Agreements.

## COUNT I – BREACH OF CONTRACT
## (VA AGREEMENT)

25. NLP Logix re-alleges and incorporates by reference paragraphs 1 through 15, 22, and 24 above, as if set forth fully herein.

26. The VA Agreement was a valid and binding contract.

27. NLP Logix fully performed its obligations under the VA Agreement, and delivered its software, algorithms, and other artificial intelligence techniques to Defendant to assist Defendant in processing claims for the Department of Veterans Affairs.

28. Defendant breached the VA Agreement by failing to pay NLP Logix the amounts due thereunder.

29. As a direct and proximate result of the aforementioned breach of contract, NLP Logix has suffered and will continue to suffer damages.

WHEREFORE, NLP Logix respectfully demands judgment against Defendant for damages together with late fees, prejudgment interest, and costs, and for such other and further relief as the Court deems just and proper.

## COUNT II – BREACH OF CONTRACT
## (OCR AGREEMENT)

30. NLP Logix re-alleges and incorporates by reference paragraphs 1 through 9 and 14 through 24 above, as if set forth fully herein.

31. The OCR Agreement was a valid and binding contract.

32. NLP Logix fully performed its obligations under the OCR Agreement, and implemented its product, formLogix, to replace Defendant's OCR process.

33. Defendant breached the OCR Agreement by failing to pay NLP Logix the amounts due thereunder, including, without limitation, the monthly subscription fees, the performance escalator, and offshore minimum fees due under the OC Agreement.

34. As a direct and proximate result of the aforementioned breach of contract, NLP Logix has suffered and will continue to suffer damages.

WHEREFORE, NLP Logix respectfully demands judgment against Defendant for damages together with late fees, prejudgment interest, and costs, and for such other and further relief as the Court deems just and proper.

**SMITH, GAMBRELL & RUSSELL, LLP**

*/s/ Jonathon D. Pressley*
ALAN S. WACHS
Florida Bar No.: 980160
awachs@sgrlaw.com
tgreene@sgrlaw.com
dhsmith@sgrlaw.com
JONATHON D. PRESSLEY
Florida Bar No. 84579
jpressley@sgrlaw.com
asalane@sgrlaw.com
NICOLE L. KALKINES
Florida Bar No. 1003293
nkalkines@sgrlaw.com
aarrazola@sgrlaw.com
50 N. Laura Street, Suite 2600
Jacksonville, Florida 32202
(904) 598-6110 (Telephone)
(904) 598-6210 (Facsimile)
(904) 755-8363 (ASW Mobile)

*Attorneys for Plaintiff, NLP Logix, LLC*